Case number 15-7045 et al. United States of America, Israel, Stephen Thomas Yelverton and Stephen Thomas Yelverton, appellate, v. Federal Insurance Company. Mr. Yelverton for the appellate, Ms. Tarkington for Appalooie Debra Marm et al. And Ms. Walker for Appalooie Federal Insurance Company et al. Mr. Yelverton. Good morning, your honors.  I'm Stephen Thomas Yelverton, appearing pro se, because I have no funds to have retained counsel. I'd like to reserve five minutes of my time for rebuttal. The key fact in this proceeding is that the Chapter 7 trustee did not seek to lift the automatic stay on property of a debtor estate under 11 U.S. Code 362A3, although required to do so by bankruptcy law. And there's been no response in his briefs from the Chapter 7 trustee as to this matter. And on February 16th, I submitted supplemental authorities on this point. Now, all the other statutory violations flow from this failure by the Chapter 7 trustee to seek to lift the automatic stay on the property of the estate. And then the Chapter 7 trustee gives all the property of the debtor estate to bankruptcy insiders who are not creditors, and those who are creditors are not paid anything from the debtor estate by the Chapter 7 trustee. And it's Hornbook bankruptcy law that the purpose of the automatic stay is to allow the property of the debtor estate to be equitably distributed to creditors and not to non-creditors and bankruptcy insiders. And it's also Hornbook bankruptcy law that all actions in violation of the automatic stay are void ab initio, and there's no statute of limitations on obtaining relief from violations of the automatic stay. The district court decision in this case turned on the pre-filing, application of pre-filing injunction. That's all the district court relied on, and you barely mentioned that in your opening brief. Is that because you prefer that we focus on this Hornbook bankruptcy law? Your Honor, the fact that there are documented facts and established law that show there was an egregious violation of the automatic stay shows that there is a very valid and legitimate cause of action. And all the other alleged violations flow from this violation of the automatic stay. Now, as far as the pre-filing injunction, the injunction says nothing about bankruptcy adversary proceedings and appeals from the bankruptcy court to the district court. And what the August 6, 2014 order says, ordered that the appellant shall seek leave of this court before filing, quote, any new civil action in this court, meaning the district court. And then it goes on to refer to a new complaint in new matters. And where there's ambiguity in an injunction, there's a violation of having prior adequate notice and a due process violation. And also, the August 6, 2014 injunction says order that appellant is hereby enjoined from further submissions in his bankruptcy appeals pending before this court. So it refers only to what's pending then. Also, it talks about filing any supplements to appeals already pending. It does not speak at all to seeking leave to file an appeal from the bankruptcy court. And then the order on March 3, 2015, order striking appeal. This order came out long after I had received informer pauper status from the bankruptcy court to make an appeal. And after I had filed my appellate brief, and the Chapter 7 trustee, the appellee, had filed his brief. And just days before I was to file my reply brief, the order striking the appeal comes out. This, again, is lack of prior notice. It's ex post facto. And it is a violation of due process. And any discretion that's afforded to the district court, this is an abuse of discretion. And an abuse of discretion can be a violation of law. And it's a clear violation because there's no adequate notice. And it's hard book law that you can't put a person in a position to guess what the injunction means. And it's clearly not, does not impose a ban on... What would the injunction, what does the language mean that says appellate shall seek leave of this court before filing any new civil action in this court? Well, this is, this was an appeal. It was not a new civil action. It was an appeal from the bankruptcy court. And the district court could have easily said, August 6, 2014, that you can't file a new civil action in this court, meaning the district court. You can't file a bankruptcy adversary in the bankruptcy court without prior permission. And you can't appeal from the bankruptcy court to the district court without prior permission. But this order doesn't say that. And because it doesn't say that, and because it's hard book law, constitutional law, that you can't put a person in a situation they have to guess, it would have been very easy to have explicit language, and it didn't. And actually what it says is no new civil actions in the district court without prior permission. And the civil actions, excuse me, there were no new civil actions. This were bankruptcy adversary proceedings that were filed before the order came out on August the 6th, 2014. So they were already there, and the August 6th order did not refer to them. Said nothing about adversary proceedings in the bankruptcy court. So if we were to reverse the order striking the three appeals, and the district court would then review those appeals on the merits? Yes. But the district court could rewrite a pre-filing injunction the way that you just said it, saying no new civil actions in the district court, no new adversary proceedings in the bankruptcy court, no new appeals from the bankruptcy court to the district court. That would be clear. Well, it would be too late. It would be ex post facto. Understood, but it could go forward. And that would be clear. Well, it's not a matter now of what the district court could do. It's what they've already done. And the district court had my appellate brief and the appellee's brief, which when the order came out, and also what is significant about the order that came out on March 3rd, 2015, it says this order extends to appeals from bankruptcy orders such as this case. Well, again, this was ex post facto, long after the fact. And it then talks about the appellate may seek to refile his appeal. But at that point in time, it would have been too late to refile. There's only 14 days to file a notice of appeal from the bankruptcy court. And so this order effectively puts me out of court after I'd already filed my brief. And when I sought to inform a proper status. Your time has expired. So can you start to wind down, please? Yes. And what I would, you know, this is a raises very valid causes of action. There's a clear documented violation of the automatic stay, which everything flows from this. And so Rico issues, I'd like to call your attention to a case from the Southern District of New York, Bankers Trust Company versus Felsman 676F496501502, where the Southern District states that when Congress wrote the civil Rico laws, Congress intended that civil Rico permit recovery where violations of the automatic stay, along with other violations where the violation automatic state would frustrate equitable distribution of property of the state. And this is exactly what happened in this proceeding. And why I filed the adversary proceeding before the injunction came out. And while we're here now, it's their clear cut, undisputed violations of law, statutory law that must be addressed on the merits. Thank you. Thank you. Mr. Tarkenton. Good morning, your honors. My name is Jeffrey Tarkenton. May it please the court. The issue, the sole issue before the court today is what the court just said, which is did the district court properly strike Mr. Yelverton's three appeals because he failed to comply with the provisions of the pre-filing injunction order. The pre-filing injunction order was affirmed by this court. It was entered because of Mr. Yelverton's multiple frivolous abusive filings.  They were cataloged by the district court to include more than 40 lawsuits, adversary proceedings, and appeals, over 150 motions, including more than 50 motions to reconsider or vacate bankruptcy court or district court orders. So I think it's apparent that bankruptcy appeals are at least part of the impetus behind the order that's at issue. But the question, I guess, is whether the way that the order is framed is clearly enough, as far as the filing of a bankruptcy appeal without prior authorization. And since it refers to any new civil action and doesn't use the term bankruptcy appeal, which is used elsewhere. It does not use the term bankruptcy appeal, but it doesn't. The purpose of the order, actually stepping back a moment, the order was entered in the context of a bankruptcy appeal. And the only matters in front of the Judge Cooper, well, Judge Cooper entered the order in a bankruptcy appeal and then applied it to other bankruptcy appeals, as did other district court judges since then. So the order was not drafted to address complaints that Mr. Yelverton had filed in the district court because Mr. Yelverton hadn't filed complaints in the district court. He has filed some, but not pertinent to this bankruptcy case. So do you think it covers complaints filed in the district court? Yes, I think it covers complaints filed in the district court. I mean, that was not the aim, or that was not necessarily the aim at the time the order was entered because the issue was all of these appeals coming out from the bankruptcy court and Judge Cooper wanted to get control over that process. And this order was entered in the context of those appeals trying to get order imposed over that process. But the order, through its terms, because the bankruptcy court is a unit of the district court, the order does apply to all adversary proceedings and motions filed in the bankruptcy court, as well as any appeals from the bankruptcy court to the district court and any pleadings filed in the district court. How would a reasonable person know that when the memorandum preceding the order language discusses the bankruptcy court and then it discusses this court and the district court as if they're two different things? I think the fact that the order was entered in an appeal, and because Mr. Yelverton is a lawyer, that it was plain and clear what Judge Cooper's intent was, and to the extent there was any ambiguity at all, that ambiguity was cleared up in the order striking the appeals where the district court said this order applies to appeals from the bankruptcy court to the extent that the... But you mean the order that strikes the very appeals that are at issue? Yes, Your Honor. But that doesn't help a lot before you file the appeal. Well, although to the extent there was any ambiguity, one, it makes clear what the intent of the district court was in entering the orders to begin with, and two, to the extent there's any ambiguity in that original order was not sufficient. That order has been essentially modified or expanded by the later... But if it needed modification or expansion, then that seems like a point against you rather than a point in favor of you, unless I'm misunderstanding. But, Your Honor, I think the real point is simply that the district court, to the extent there was any ambiguity in the original order, was making clear what the court intended, and I think the district court retains jurisdiction to implement and interpret its own orders, and that's what it did here in the order striking appeals. And so to the extent there were quite... And I guess the follow-up to that, Your Honor, is simply that there was no prejudice to Mr. Yelverton because what the district court did was said, You're enjoined. The original pre-filing injunction applies to appeals, but I will still give you an opportunity to come within the parameters of that injunction. You still have the opportunity to file a motion for leave to file the appeals, and he chose not to do so. Instead, he waived that opportunity. Could the district court have held him in contempt instead? I can't speak to that, Your Honor. I mean, do you think it was clear enough to hold him in contempt? I think the court could have if it chose to, but I hate to read into the court's mind, but clearly the court thought an appropriate sanction was to strike the appeals, which implements the purpose of the order, which was to obtain control over these multiple frivolous filings. You had also asked in your brief about a broader injunction issuing against Mr. Yelverton. Did you ask the district court for that? Yes, to the extent... Did you ask the district court for that? We have not. We have not been back to the district court, but at this point I would note there's a new appeal that's not consolidated with these appeals. A new appeal by Mr. Yelverton is docketed on December 30th, 2015, 15-7156. It was too late to be included in the briefs in this case, but it is another frivolous appeal which the bankruptcy court dismissed on the grounds that it was frivolous. Mr. Yelverton did comply with the pre-filing injunction of that case, and he filed a motion for leave to file an appeal, which the district court denied on the grounds that the appeal was frivolous. That is one more case to be considered and the court ought to consider in connection with this appeal. Thank you. Thank you. Good morning, Your Honors. May I please support? My name is Natalie Walker, and I stand before you on behalf of the trustee, Wendell Webster, who's here today, Mr. Webster, and Federal Insurance Company. I believe that Mr. Tarkenton has done a great job with answering your questions. If you have any further questions, please let me know. One of the questions that was posed was whether or not the district court could have made the order broader, and yes, the district court could have specifically stated that it applies to appeals from bankruptcy court orders and so on, adversary proceedings and so on, but I believe that the district court did address that by including the remedy of allowing Mr. Yelverton to refile his appeal or file a motion for leave to address these particular issues. But it's ordinarily, before you can enter a prefiling injunction, you have to provide notice and then allow briefing and submission from both sides on that, and so if the theory here is that the district court then essentially supplemented the prefiling injunction by adding in now appeals, wouldn't the same requirements of advance notice and submissions by both parties and a formal determination of whether this should apply to appeals have been required? Well, the district court, in its order, stated that he could actually file the motion. The prefiling injunction didn't require all parties to weigh in on that because the district court... that it should also apply to this third category of things called appeals to the district court from the bankruptcy court. That's, for all intents and purposes, a new mini-prefiling injunction, and so shouldn't the procedures that are required before you can enter a prefiling injunction have been applied? So it's not enough just to say, show me you're entitled to file. He had to go through those steps. Or are there cases saying you don't have to do that if you amend a prefiling injunction? Well, Your Honor, I do not believe that it was a mini-prefiling injunction. I don't think that he actually, Judge Cooper actually extended the prefiling injunction because in the injunction it states that it applies to new actions. And when you file a, when you appeal a bankruptcy court order to the district court, at that time that becomes a new action in the district court and is assigned a new case number. So I believe that Judge Cooper stating in his order that it's a new action, it really applies to bankruptcy court orders too, the appeal of bankruptcy court orders to the district court, because that's a new action. Well, it says a new civil action. It's assigned a civil case number. I understand, but the federal rules define a civil action as something that's, Rule 3, it's initiated by a complaint, and you don't file a complaint when you're appealing from the bankruptcy court to the district court, is my understanding. That's correct. Right. So since the federal rules define a civil action as something that's initiated by filing a complaint, then it would seem to me that this language didn't embrace an appeal. Well, the bankruptcy court is a unit of the district court, so the complaint was actually filed in the bankruptcy court, which is a unit of the district court. I understand. I'll give you the bankruptcy filing might have been a new action, but that doesn't mean that the appeal to the district court was a new civil action. Well, the appeal was an extension of the complaint filed in the bankruptcy court, which is a unit of the district court. It might have been the sequel, but it's not new. The problem with that, I'm sorry, is that two of those adversary proceedings had already been filed before the prefiling injunction, right? So how could he, if the adversary proceeding commenced the action in the district court, if I follow that logic, if they've already been filed and this order comes after they've been filed, then how does the order apply to them? That's correct, Your Honor. The only thing I could actually state is that Judge Cooper wanted to protect the orderly administration of justice. In this case, Mr. Yelverton has filed numerous frivolous pleadings, not just in the bankruptcy court, but in the district court, in this court, in the court in North Carolina, the Eastern District of North Carolina, and D.C. Superior Court as well, and the family division. And all of those courts have also issued orders in connection with his abuse of the process. And I believe that this court should do whatever is necessary to allow the trustee to finalize this case. Mr. Yelverton has, over four years, it's been over four years now that we've been dealing with this case. And he has constantly, constantly interfered with the trustee's administration of the estate. And this cannot go on. We need to stop it here. And I'm asking this court to affirm Judge Cooper's prefiling injunction and to prohibit this type of behavior. It cannot go on. Thank you. Thank you. Mr. Yelverton, do you have any time? We'll give you one minute, and please. Thank you, Your Honor. What is very significant, the bankruptcy judge granted, I filed an informer Paul Purce petition to be able to go to the district court. The bankruptcy court approved that and effectively gave me permission to file. And as far as other matters I have filed, they were all to rectify wrongs against me, which I have a right to defend myself. It's clear that the substance and the merits of this case is what has to be considered, separate from any others that the Chapter 7 trustee may have some concerns about. And this is established law in the District of Columbia. It's Enright Powell, Krasoffi v. Holland, and Caldwell v. Obama. There must be the substance of the plaintiff's claim in each instance that is the appropriate measure. That's in Krasoffi, also in Enright Green. And so you can't just look at the other cases and say, well, we're not going to hear this. You have to look at the merits and substance of this case. And I have shown to you documented facts, established law. There was an egregious violation of the automatic state in this proceeding, which has led to everything else. And it's why we're still in court for years, because there are continuing wrongs coming from this violation of the automatic state. Thank you. Thank you. Case is submitted.
judges: Srinivasan, Millett, Wilkins